IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HAMILTON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–0258−SMY |
| | ) | |
| WEXFORD HEALTHCARE SOURCES, | ) | |
| DR. COE, | ) | |
| LORIE CUNNINGHAM, | ) | |
| STEVE DUNCAN, and | ) | |
| ROGER MATTICKS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Hamilton Jones, a former inmate now on parole from Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims that Defendant Dr. Coe made inappropriate comments and touched Plaintiff inappropriately during a medical visit at Lawrence Correctional Center in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): In early 2016, Plaintiff had a doctor's visit with Coe for jock itch and an abscess near his rectum. (Doc. 1, p. 6). Coe said to Plaintiff: "If you let me see your pecker, then maybe I could help." *Id.* Coe also told Plaintiff, among other things, that if he had something going on between his legs, he "should stop humping on [his] celly." *Id.* Plaintiff informed Mrs. Phillippe that he was not comfortable dealing with Dr. Coe and that he wished to see James, the Physician's Assistant. (Doc. 1, pp. 6-7).

Plaintiff reported Coe's "sexually harassing remarks" to the PREA hotline and was interviewed by Jeffrey Molenhour soon thereafter. (Doc. 1, p. 7). Molenhour told Plaintiff that Coe may have a strange sense of humor but that Molenhour did not believe Coe desired Plaintiff. *Id.* Plaintiff also saw a clinical psychologist who told Plaintiff "Dr. Coe was a strange duck." *Id.*

2

On February 19, 2016, Plaintiff had another doctor's visit with Coe for his jock itch and abscess. *Id.* Coe instructed Plaintiff to bend over and pull his pants down, which he did. *Id.* Coe then put on his gloves and stated: "let me grab my joy juice." *Id.* Coe proceeded to squeeze the abscess with one hand and pushed his fingers into Plaintiff's rectum. *Id.* Plaintiff jumped and pulled his pants up, at which time Coe asked if Plaintiff was in pain. *Id.* Plaintiff stated he was not in pain, but that what Coe did was unnecessary. *Id.* Coe told Plaintiff to pull his pants down again, and reconvened squeezing the abscess. *Id.* After informing Plaintiff the abscess was getting smaller and could be draining, he "again tried putting his fingers into [Plaintiff's] rectum." *Id.* At that point, Plaintiff told Coe that was not necessary. (Doc. 1, pp. 7-8).

After the appointment ended, Plaintiff spoke with a lieutenant about what happened with Coe, who told him to speak with his lieutenant when he got back to his housing. (Doc. 1, p. 8). Plaintiff reported the situation to Counselor Bare and Lieutenant Williams and had another appointment with Molenhour during which Molenhour implied that Plaintiff had another motive for reporting the incident. *Id.* Plaintiff was also seen by Warden Russ Goins, who mistakenly said Plaintiff saw Coe for a prostate exam, which Plaintiff refuted. *Id.*

Plaintiff claims he has experienced mental anguish and embarrassment from this incident and that he could have been protected from this happening. He also alleges that "Wexford Healthcare has a policy and custom of giving less than adequate treatment to inmates [which] can be substantiated by their own Wexford Contract Handbook through 'Cost Consideration.'" Doc. 1, p. 9). Plaintiff requests monetary damages from the defendants. (Doc. 1, p. 10).

## Discussion

Before analyzing Plaintiff's allegations, the Court finds it appropriate to address Plaintiff's failure to include specific allegations against Defendant Lorie Cunningham

(Healthcare Unit Administrator), Steve Duncan (Warden) and Rogerick Matticks (Wexford Medical Director) in the body of his Complaint, despite having listed them among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Plaintiff has not alleged that Cunningham, Duncan, and/or Matticks are "personally responsible for the deprivation of a constitutional right," *id.*, and a defendant cannot be liable merely because he or she supervised a person who caused a constitutional violation. Accordingly, Cunningham, Duncan, and Matticks will be dismissed from this action without prejudice.

Moving to the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action in 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

    **Count 1 –**    Dr. Coe violated Plaintiff's Eighth Amendment rights by making inappropriate sexual comments toward Plaintiff and inserting his fingers into Plaintiff's rectum without medical reason during an appointment on February 19, 2016.

**Count 2 –** Wexford Healthcare Sources has a policy and custom of giving less than adequate treatment to inmates in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Count 2 will be dismissed for failure to state a claim upon which relief can be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

## Count 1

The Complaint articulates a viable Eighth Amendment claim against Dr. Coe. The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. This prohibition bars prison officials from "unnecessarily and wantonly inflicting pain on inmates." *Rivera v. Drake*, 497 F. App'x 635, *2 (7th Cir. 2012) (citing *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)).

Claims such as that which Plaintiff describes in the Complaint typically arise in the context of strip searches. In this context, the Seventh Circuit has recognized that "searches that are maliciously motivated, unrelated to institutional security, and lack a legitimate penological justification violate the Eighth Amendment." *Id.* (citations omitted). An Eighth Amendment claim arises when the search is "conducted in a harassing manner [that is] intended to humiliate and cause psychological pain." *Mays v. Trancoso*, 412 F. App'x 899, *3 (7th Cir. 2011) (citing *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *see Whitman*, 368 F.3d at 934; *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). The Seventh Circuit has also noted that "sexual ridicule and female spectators during a strip search can reasonably lead to the conclusion that the search was intended to humiliate." *Mays*, 412 F. App'x 899, *3 (citing *Calhoun*, 319 F.3d at

940).

Construing the Complaint allegations liberally in Plaintiff's favor, the Complaint states an Eighth Amendment claim against Coe under this standard. The allegations suggest that this defendant's comments and contact with Plaintiff were unrelated to a legitimate penological or medical purpose and were intended only to humiliate and harass Plaintiff. Accordingly, Count 1 shall receive further review against Dr. Coe. However, the claim shall be dismissed with prejudice against all other defendants as they were not present during the incident.

### Count 2

A corporate entity violates an inmate's constitutional rights only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Under current Seventh Circuit precedent, a plaintiff must "offer evidence that his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 796 (7th Cir. 2014) (finding that the plaintiff's disjointed allegations about improper care from various Wexford doctors did constitute a series of bad acts, and noting that the plaintiff did not allege a policy or custom of deficient care).

Plaintiff has not alleged that it was the policy or practice of Wexford to look the other way when its doctors have been accused of sexual abuse, which is the injury alleged in the instant case. Moreover, although choosing a treatment for a prisoner based on cost and not efficacy may be evidence of deliberate indifference, there is no indication that such was the case

here or that Plaintiff received deficient medical treatment for his abscess and jock itch at all. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Therefore, Plaintiff's allegations do not rise to the level of demonstrating a policy, custom or series of events on the part of Wexford that caused Plaintiff injury. As such, Wexford Healthcare Sources will be dismissed without prejudice.

## Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. Waivers of service of summons will be issued and served on the remaining defendant as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **COE**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **WEXFORD HEALTHCARE SOURCES**, **CUNNINGHAM, DUNCAN,** and **MATTICKS** shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2)

7

Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Coe (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Coe is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be

**REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: May 1, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**